UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN G. WINSTON                                                    PETITIONER
REG. #28648-009

VS.                              No. 2:18-CV-00158-JTR

ANTHONY HAYNES, Warden,
FCI – Forrest City                                                  RESPONDENT

# MEMORANDUM OPINION[1]

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, John G. Winston ("Winston"), who is incarcerated at the Forrest City, Arkansas, Federal Correctional Institution. *Doc. 1*. Winston challenges the sentence imposed, pursuant to a guilty plea, by the United States District Court for the Eastern District of Arkansas in *United States v. Winston,* 4:14-CR-00124-SWW ("*Winston I*"). The relevant facts supporting Winston's collateral attack on his federal sentence are set forth below.

On May 13, 2015, Winston pleaded guilty to being a felon in possession of a firearm. *Winston I*. The Government argued that Winston was subject to the Armed

---

[1] The parties consented to a United States Magistrate Judge to conduct all proceedings in this case, including the entry of a final judgment. *Doc. 9*.

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had three or more earlier convictions for a "serious drug offense," or a "violent felony." Winston, through counsel, denied that he had the qualifying felonies required to subject him to the fifteen-year mandatory minimum sentence under the ACCA. Following a sentencing hearing on this issue, the sentencing Court agreed with the Government. On November 17, 2015, Winston was sentenced to imprisonment for 188 months. *Doc. 10-1* (copy of *Winston I* Judgment); *Winston I*, *Docs. 50-51* (Transcript of Sentencing Hearing).

Winston appealed his sentence to the Court of Appeals for the Eighth Circuit. While admitting that he had two qualifying prior convictions, he disputed whether either of his two remaining convictions, for second-degree battery and first-degree terroristic threatening, were "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B). On January 10, 2017, the Eighth Circuit affirmed, holding that the district court "properly counted the battery conviction as a violent felony."[2] *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017) ("*Winston II*").

On July 6, 2017, Winston filed a motion in the sentencing court to vacate his sentence pursuant to 28 U.S.C. § 2255. *Winston I*, *Doc. 57*. Winston argued that: (1) the sentencing court erred in applying the sentencing enhancement; (2) his

---

[2] The Eighth Circuit did not address whether the terroristic threatening offense qualified as a "violent felony."

attorney (and the Assistant United States Attorney) "misinformed" the district court that it should apply the "modified categorical approach" in assessing his prior felonies; and (3) his prior burglary and terroristic threatening convictions were not "qualifying felonies." *Winston I*, Doc. 57. On December 15, 2017, the *Winston I* court denied Winston's § 2255 motion. *Winston I*, Doc. 60; Doc. 10-2.

Winston attempted to appeal the denial of § 2255 relief to the Eighth Circuit, which denied Winston's request for a certificate of appealability. *Winston I*, Doc. 72.

On November 16, 2018, Winston filed the § 2241 habeas action now before this Court. In his § 2241 petition, he once again argues that he should not have been sentenced under the ACCA and requests "resentencing without the ACCA enhancement." *Doc. 1*.

Respondent has filed a Motion to Dismiss contending that this Court lacks subject matter jurisdiction to consider Winston's § 2241 Petition. Winston has filed a Reply. *Doc. 12*. Thus, the issues are joined and ready for resolution.

## II. Discussion

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence. As a general rule, collateral challenges to a federal

3

conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced the federal prisoner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez,* 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

For the "savings clause" to apply, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) the "petitioner has been denied permission to file a second or successive § 2255 motion;"

4

(3) "a second or successive § 2255 motion has been dismissed;" or (4) the "petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.*

In addition, the Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which *could have been*, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

In attempting to use § 2241 to challenge the sentencing court's computation of his sentence, Winston once again challenges the sentencing court's determination that his prior criminal history was sufficient to qualify him as an armed career criminal and to subject him to an enhanced sentence. Winston made the same or similar arguments in both his direct appeal and in his § 2255 motion filed with the sentencing court. Winston has failed to establish that the § 2255 remedy he pursued, unsuccessfully, was inadequate or ineffective to test the legality of his sentence. Thus, this Court lacks subject matter jurisdiction to consider his § 2241 Petition.

Finally, Winston argues that, "due to a change in law,"[3] he is factually innocent of his sentencing enhancement. This argument does not alter the Court's

---

[3] The only new intervening law Winston cites is *Sessions v. Dimaya*, 138 S. Ct. 1204 (April 17, 2018). Respondent points out that *Dimaya* is not on point because it addressed a "crime of violence" under the residual clause of 18 U.S.C. § 16(b), while Winston's battery and terroristic threatening convictions were held to be qualifying offenses under the ACCA's physical force clause, 18 U.S.C. § 924(e)(2)(B)(i). Thus, Respondent argues, *Dimaya* provides Winston with no legal basis for relief. The analysis of whether *Dimaya* applies retroactively or, if applied, entitles

5

conclusion regarding its lack of jurisdiction. Section 2255 explicitly authorizes the filing of a "second or successive motion" in circumstances involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) (explaining the requirements for authorizing a successive § 2255 motion); *see also Abdullah v. Hedrick,* 392 F.3d at 959-64 (rejecting petitioner's claim that his "actual innocence" entitled him to the benefit of the savings clause). That threshold determination, however, must be made by the "appropriate court of appeals," as explicitly required by § 2255(h). Thus, Winston's remedy, if he believes that an intervening change in law applies retroactively and entitles him to collaterally attack his sentence, is to petition the Eighth Circuit Court of Appeals for permission to file a second or successive § 2255 petition.

### III. Conclusion

This Court lacks subject matter jurisdiction, under 28 U.S.C. § 2241, to consider Winston's challenge to the sentence imposed in *Winston I*.

IT IS THEREFORE ORDERED THAT Petitioner John G. Winston's Petition for a Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, without prejudice.

---

Winston to the resentencing he seeks is a decision for the sentencing court, assuming Winston is granted permission to pursue a successive § 2255.

Dated this 21st day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE